Jeremiah OPIE, also known as Jerry
Opie, Petitioner-Appellant,

v.

Lenard F. MEACHAM, Warden of the
Wyoming State Penitentiary,
Respondent-Appellee.

No. 335–69.

United States Court of Appeals
Tenth Circuit.

Dec. 18, 1969.

Gerald Alch, Boston, Mass. (F. Lee
Bailey, Boston, Mass., and Byron Hirst,
Cheyenne, Wyo., on the brief), for ap-
pellant.

Lynn R. Garrett, Sp. Asst. Atty. Gen.,
State of Wyoming, Cheyenne, Wyo.
(James E. Barrett, Atty. Gen., State of
Wyoming, on the brief), for appellee.

Before PICKETT, BREITENSTEIN
and SETH, Circuit Judges.

PICKETT, Circuit Judge.

On October 1, 1962 Jeremiah Opie was
convicted of first degree murder in the
District Court of Sweetwater County,
Wyoming and sentenced to life imprison-
ment. The conviction was affirmed.
Opie v. State, Wyo., 389 P.2d 684 (1964).
This is an appeal from an order deny-
ing a petition for a writ of habeas cor-
pus in which it was alleged that Opie's
legal representation at the trial did not
satisfy constitutional standards. 293 F.
Supp. 647. The question of exhaustion
of state remedies also arose in the dis-
trict court proceedings.

The record discloses that on January 14, 1965 Opie filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of Wyoming which, at the request of Opie, was dismissed without prejudice to permit the presentation of the constitutional questions to the state courts. Thereafter, Opie, through counsel of his own choosing, elected to seek a new trial on the grounds of newly-discovered evidence, which was denied. On June 19, 1968 the present Petition for Writ of Habeas Corpus was filed in the United States District Court for the District of Wyoming, alleging that at the trial Opie had been denied effective assistance of counsel, which "representation was so lacking in those fundamental precepts of justice as to amount to a denial of due process." Specifically, the allegation was made that trial counsel did not present certain expert scientific opinion evidence dealing with the proximity of the murder weapon to the deceased when the fatal shot was fired, which would have contradicted the prosecution's evidence on the same subject matter, and if believed, would tend to establish the innocence of the accused.[1] Thereafter, the State of Wyoming moved to dismiss the Petition for Writ of Habeas Corpus, stating that state remedies provided for by Wyoming Statutes had been deliberately by-passed, Wyo.Stats.1957, Title 7–408.1,[2] thereby barring relief in federal court. Following a hearing on this motion, the trial court found that the available state remedies had not been deliberately by-passed. The court also found that the petitioner had been adequately represented at his trial by experienced counsel of his own choosing, and dismissed the action. On Petition for Rehearing, the court granted a full hearing at which all the evidence claimed to have been overlooked by Opie's trial counsel was presented and considered. Although the court held that as of the time of the hearing on the Petition for Rehearing the petitioner had deliberately failed to exhaust his state remedies, it decided the case on its merits, and we shall do likewise.[3]

The evidence relied on here in support of habeas corpus petitions came to light subsequent to trial through efforts other than those of trial counsel.[4] It was expert opinion evidence which would tend to contradict the testimony of other experts who gave their opinions on facts established at the trial. No new facts were offered. Clearly, this evidence could have been obtained by the exercise of due diligence. See Opie v. State, Wyo., 422 P.2d 84. The effect of the failure to exercise due diligence in obtaining evidence on the issue of ineffective assistance of counsel was considered in Cardarella v. United States, 8

---

1. The newly-discovered evidence relied upon for a new trial was substantially the same as that now urged as a basis for determining that his trial representation was ineffective because of failure to produce and present such evidence at the trial. In affirming the denial of the Motion for New Trial, the Supreme Court of Wyoming related this evidence in detail in Opie v. State, Wyo., 422 P.2d 84 (1967).

2. This section, in addition to creating a post conviction proceeding whereby any person imprisoned in the Wyoming State Penitentiary may attack the validity of his detention on constitutional grounds, provides: "No proceeding under this act shall be commenced more than five years after conviction and sentence of the accused, unless the petitioner alleges facts showing that the delay was not due to his own neglect."

3. From what was said by the Wyoming Supreme Court in Opie v. State, Wyo., 422 P.2d 84, we are convinced that any further proceeding in state court would be ineffective. See Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Gay v. Graham, 10 Cir., 269 F.2d 482, 485 (1959).

4. The purpose of the evidence was to establish that due to the trajectory of the bullet, Opie's position at the time of the shooting and the location of blood stains on his clothing, the events could not have occurred as proposed by the State—or at least—had this evidence been before the jury at trial, it would have created a reasonable doubt.

Cir., 375 F.2d 222 (1967), cert. denied, 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176, wherein that court, at page 232, stated:

"* * * '(L)ack of diligence' in discovering evidence which was not used at the trial is not necessarily to be equated with ineffective assistance of counsel. Perfect or errorless counsel is not required as a prerequisite to a fair trial consonant with due process."

Indeed, it would appear that the failure to produce the expert scientific evidence at trial was either an oversight or a stratagem. Petitioner is now dissatisfied with the performance by his trial counsel, yet "one who appears before the court with counsel employed for his defense is not deprived of his constitutional right to the assistance of counsel merely because in retrospection he concludes that such representation did not meet his standards of effectiveness." Moss v. Hunter, 10 Cir., 167 F.2d 683, 684 (1948), cert. denied, 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780, reh. denied, 335 U.S. 839, 69 S.Ct. 8, 93 L.Ed. 390. See also Merritt v. Hunter, 10 Cir., 170 F.2d 739 (1948); Johnson v. United States, 10 Cir., 333 F.2d 371 (1964). Finally we note that "(i)n every case a lawyer loses, it is possible, in retrospect, to say that some different strategy or procedure might have brought about a better result. But this is not sufficient to sustain a claim of ineffective assistance of counsel. To sustain such a claim we would have to be able to conclude that the representation was such as to make the trial a mockery, a sham or a farce." Johnson v. United States, 10 Cir., 380 F.2d 810, 812 (1967). See also Relford v. Commandant, U. S. Disciplinary Barracks, 10 Cir., 409 F.2d 824 (1969). Counsel for Opie on this appeal readily concedes that the trial was not a "mockery, a sham or a farce" but asserts that the offered evidence would at least create a reasonable doubt in the minds of the jury. This is rank speculation, particularly in view of the state trial record which overwhelmingly points to the guilt of the accused. Furthermore, the

guilt or innocence of an accused person when determined by a state court is not subject to review by federal courts in habeas corpus proceedings. A state prisoner is entitled to relief in federal courts only when rights guaranteed by the United States Constitution have been denied him. Wagenknecht v. Crouse, 10 Cir., 344 F.2d 920 (1965).

Affirmed.