**Donald PLASKETT, Petitioner-Appellant,**

v.

**Warden Ray H. PAGE, Respondent-Appellee.**

No. 256–70.

United States Court of Appeals, Tenth Circuit.

March 22, 1971.

Louis B. Bruno, Denver, Colo., for petitioner-appellant.

H. L. McConnell, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen., of Okl., on the brief), for respondent-appellee.

Before LEWIS, BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

The district court denied habeas corpus relief to appellant Plaskett who is confined in an Oklahoma penitentiary serving a 5-year sentence for second-degree burglary. In the state court Plaskett was represented by retained counsel. When sentence was pronounced on November 29, 1966, the state court ordered that Plaskett and his co-defendant be remanded to the custody of the sheriff for confinement in the county jail for 10 days "to allow def[endant]s time

to perfect their appeal." Thereafter, an appeal bond was approved and Plaskett was released. On December 13, a notice of intent to appeal was filed and a case-made was ordered.

No appeal was taken within the 6-month statutory period provided by 22 Okl.St.Ann. § 1054. Some time thereafter Plaskett began serving his sentence. In 1969, he filed in the Oklahoma Court of Criminal Appeals a petition for an out-of-time appeal under 22 Okl.St.Ann. § 1073. This was denied. Later in the same year the Court of Criminal Appeals denied his habeas corpus petition. Federal habeas proceedings were then brought. The state filed a response setting forth the state actions. The federal habeas court denied relief without an evidentiary hearing.

 Plaskett now claims that he has been denied the effective assistance of counsel and that the courts have discriminated between an accused represented by retained counsel and one who has appointed counsel. Plaskett selected his own counsel and the effectiveness of that counsel is his responsibility. See Opie v. Meacham, Wyo., 293 F.Supp. 647, 650, affirmed 10 Cir., 419 F.2d 465, cert. denied 399 U.S. 927; see also Davis v. Bomar, 6 Cir., 344 F.2d 84, 86–88, cert. denied 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124. During the six months that he was at liberty on an appeal bond, Plaskett, so far as the record shows, did nothing to assure that his retained counsel was taking appropriate action to perfect the appeal. He does not claim to have been without funds during this period. He did not request the appointment of other counsel. The state imposed no impediment to his appeal. The failure of retained counsel to perfect an appeal is neither a denial of due process nor a ground for federal habeas relief. King v. Wainwright, 5 Cir., 368 F.2d 57, 59, cert. denied 389 U.S. 995, 88 S.Ct. 499, 19 L.Ed.2d 492; see also Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732.

We find no discrimination within the context of Griffin v. Illinois, 351

U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Douglas v. California, 372 U.S. 353. 83 S.Ct. 814, 9 L.Ed.2d 811, or otherwise. Nothing in the record shows that the Oklahoma courts have treated retained counsel differently than appointed counsel. The idea that a defendant can hire his own lawyer and then claim discrimination because of the non-action of that lawyer deserves no comment.

The failure of the Oklahoma court to appoint a lawyer to represent Plaskett on his out-of-time appeal or in his state habeas petition is no ground for relief. No substantial federal constitutional question was raised. A habeas petitioner is not entitled to appointed counsel as an absolute right. Ratley v. Crouse, 10 Cir., 365 F.2d 320, 321; cf. Johnson v. Avery, 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718.

Affirmed.