Marvin E. BARNETT,
Petitioner-Appellant,

v.

Mack H. ALFORD, Warden and The Attorney General of the State of Oklahoma, Respondents-Appellees.

No. 79–1283.

United States Court of Appeals,
Tenth Circuit.

Submitted on the briefs pursuant to Tenth Circuit Rule 9, Jan. 14, 1981.

Marvin E. Barnett, pro se.

Jan Eric Cartwright, Atty. Gen., and Carol Elaine Alexander, Asst. Atty. Gen., the State of Oklahoma, Oklahoma City, Okl., for respondents-appellees.

Before SETH, Chief Judge, PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellant, a state prisoner, sought federal habeas corpus relief contending that his 1965 conviction for murder was invalid because he had been denied the effective assistance of counsel. Specifically, he claimed that privately retained counsel "failed and refused" to perfect a direct appeal of the conviction.

Relying on our earlier decision in *Plaskett v. Page*, 439 F.2d 770 (10th Cir. 1971), the district court denied relief and dismissed. We affirmed. The Supreme Court vacated our judgment and remanded for further consideration in light of *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

In *Plaskett*, we held that the failure of *retained* counsel to perfect an appeal in a criminal case was not a ground for federal habeas corpus relief. *See also Marsh v. United States*, 435 F.Supp. 426 (W.D.Okl. 1976), *aff'd*, Unpublished No. 76–1341 (10th Cir. filed June 6, 1977). Implicit in *Plaskett* is a suggestion that sixth amendment representational standards for retained and appointed counsel are different. However, the Supreme Court has made it clear that there is no basis for this kind of distinction. To that extent *Cuyler* plainly overruled *Plaskett*. We now, of course, adhere to the rule announced in *Cuyler*.

To facilitate review of Barnett's claim under the new standard, we vacate the district court's judgment and remand the matter for such further proceedings as the district court deems appropriate.

Appellant's application for writ of habeas corpus which was filed directly in this court seeking immediate release is denied. *See* Fed.R.App.P. 22(a).

The judgment is vacated and the matter remanded. The mandate shall issue forthwith.