**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

FELIX SANDERS,

      Defendant-Appellant.

No. 00-7080
(D.C. No. 00-CR-04-B)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Defendant-Appellant Felix Sanders raises three objections to his conviction

for drug and firearm violations, none of which have merit.

First, Sanders argues that his trial should have been continued so that a

crucial witness on his behalf, Dennis Morrison, could be located. The district

court delayed trial twice in order to give Sanders time to locate the missing

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

witness, but the court eventually determined that trial would have to proceed notwithstanding Morrison's absence. The failure to grant a motion for a continuance is reviewed for abuse of discretion, and "[a] trial judge's decision to deny a motion for a continuance constitutes an abuse of discretion only if the denial was arbitrary or unreasonable and materially prejudiced the defendant." United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir. 1990) (internal quotation marks omitted).

The district court explained its ruling in the following exchange with Sanders' counsel:

Court:     [F]rom what I know about the matter, it appears as though the particular gentleman you're talking about has been missing and unheard of, so to speak, for a little in excess of six months now. And about three or four weeks ago the matter was presented, and you've had a concentrated period of time, the last three or four weeks, to find the gentleman, if he were available. And it appears as though for over six months there's been an effort made to locate this person you're talking about. And for that reason I think ample time has been given to locate this particular person. It also appeared to me from the record that I was presented that there is another witness, at least one, that could testify, in essence, to the same facts of this alleged material witness. And so for that reason, which I stated previously in the order, your request for a continuance will be overruled and we'll proceed on with the matter for jury trial today.

           Anything further on that subject?

Mr. Starr:  No. I believe you pretty well stated the facts of the situation, your Honor.

(4/3/2000 Tr. at 4-5.)  Sanders does not challenge any particular aspect of the district court's reasoning, but simply offers the conclusory assertion that "had Dennis Morrison been available to testify he could have provided much essential and valuable information in the defense of this case."  (App't Br. at 6.)  That may be true, but Sanders offers no reason to suggest that Morrison could have been located in the near future, nor does he identify any aspect of Morrison's potential testimony that was not provided by other defense witnesses.  He has not identified any basis for concluding that the district court abused its discretion in refusing to delay Sanders' trial for a third time.

Next, Sanders relies on <u>Bailey v. United States</u>, 516 U.S. 137 (1995), to challenge the sufficiency of the evidence underlying his conviction for violating 18 U.S.C. § 924(c)(1).  The <u>Bailey</u> Court interpreted § 924(c)(1) as requiring "evidence sufficient to show an <u>active employment</u> of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense."  <u>Id.</u> at 143 (emphasis in original).  The <u>Bailey</u> Court was addressing the portion of the statute which specifies certain penalties for anyone who "uses or carries a firearm" during a violent or drug trafficking crime.  <u>Id.</u> at 142-43.  Sanders argues that his conviction cannot be sustained because there was no evidence that he actually used or carried firearms while trafficking drugs.

Sanders fails to recognize that, after Bailey, Congress amended § 924(c)(1), and the statute now specifies certain penalties for anyone who "uses or carries a firearm, or who, in furtherance of any such [violent or drug trafficking] crime, possesses a firearm." The "uses or carries" prong was not at issue in this case. The district court instructed the jury that it could find Sanders guilty of violating § 924(c)(1) if he "knowingly possessed a firearm as charged, in furtherance of the commission of [the crime of possession with intent to distribute methamphetamine]." (4/5/2000 Tr. at 614.)

The evidence established that two loaded semi-automatic pistols were found on a work bench in the shop area next to Sanders' living quarters, directly below a shelf that contained methamphetamine, scales, and plastic baggies. (Tr. 216, 225, 229.) A DEA task force officer who was involved in the search of Sanders' home testified that "[t]he presence of baggies, scales, the methamphetamine that was located there, is all indicative and consistent with distribution." (Tr. 237.) He also testified that firearms are often found near drug distribution materials because they are among the "tools of the trade" for drug traffickers. (Id.)

The evidence that loaded pistols were kept next to Sanders' drug distribution materials, coupled with the agent's "tools of the trade" discussion, is sufficient to support the jury's verdict that the firearms were possessed by

Sanders "in furtherance of" the drug crime. See United States v. Iiland, 254 F.3d 1264, 1274 (10th Cir. 2001) (reversing conviction under § 924(c)'s "in furtherance of" prong where "[t]here was no evidence that the gun and drugs were ever kept in the same place or that Mr. Iiland ever kept the gun accessible when conducting drug transactions"); United States v. Ceballos-Torres, 218 F.3d 409, 415 (5th Cir. 2000) (upholding conviction under § 924(c)'s "in furtherance of" prong where defendant's loaded gun "was possessed in the apartment along with a substantial amount of drugs and money"), cert. denied, 531 U.S. 1102 (2001).

Finally, Sanders contends that the district court erred by admitting evidence seized from his apartment because the underlying search warrant should not have been issued. Sanders did not move to suppress the evidence, and the legality of the search was not an issue at trial. The district court even told the jury that "there isn't any question about the legality of this search and the manner in which they entered, none at all. That hasn't been raised as an issue in this case." (Tr. 264.) Because Sanders failed to move to suppress the evidence before trial, he has waived this argument. United States v. Meraz-Peru, 24 F.3d 1197, 1198 (10th Cir. 1994). Further, there is no factual record on which to conduct a plain error review. See United States v. Jordan, 162 F.3d 1, 11 n.2 (1st Cir. 1998) (finding plain error review inappropriate where "the defendant has failed to develop the necessary factual record undergirding a particular suppression claim").

We therefore AFFIRM Sanders' convictions.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge