**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 21 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

FELIX SANDERS,

      Defendant - Appellant.

No. 04-7000

---

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. CV-03-68-P)**

---

**Submitted on the briefs:**[*]

Felix Sanders, El Reno, Oklahoma, *pro se*.

---

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

**EBEL**, Circuit Judge.

      Felix Sanders ("Petitioner") was convicted in federal court of possession of

a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); possession of a firearm

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is ordered
submitted without oral argument.

during a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2255, alleging that he was denied effective assistance of trial counsel. The district court dismissed the petition, and this appeal followed.

We may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted).

Petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel due to his trial counsel's failure to file a motion to suppress evidence obtained pursuant to an allegedly defective search warrant, failure to argue that the evidence supported guilt of simple possession rather than possession with intent to distribute, failure to object to the presentence report, and failure to request a downward departure.

The district court relied on Plaskett v. Page, 439 F.2d 770, 771 (10th Cir. 1971) for the proposition that a petitioner has no ineffective assistance of counsel

claim as to privately retained counsel. Plaskett's holding in this regard is no longer good law. In Cuyler v. Sullivan, the Supreme Court held:

> A proper respect for the Sixth Amendment disarms petitioner's contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel....Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers.

Cuyler v. Sullivan, 446 U.S. 335, 344-45 (1980); see also Evitts v. Lucey, 469 U.S. 387, 395-96 (1985); Abels v. Kaiser, 913 F.2d 821, 822 (10th Cir. 1990); United States v. Winterhalder, 724 F.2d 109, 111 (10th Cir. 1983); Barnett v. Alford, 635 F.2d 820, 820 (10th Cir. 1981); Daniels v. United States, 54 F.3d 290, 294 (7th Cir. 1995). Accordingly, we address Petitioner's ineffective assistance claims on the merits.

To prevail on his ineffective assistance of counsel claims, Petitioner must demonstrate that (i) counsel's performance was objectively deficient and (ii) counsel's deficiency prejudiced the defense, depriving Petitioner of a fair trial with a reliable result. Fox v. Ward, 200 F.3d 1286, 1295 (10th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Petitioner "must overcome the strong presumption that 'counsel's conduct falls within the wide range of reasonable professional assistance,' and we are reminded that there are 'countless ways to provide effective assistance' of counsel." United States v. Smith, 10 F.3d

724, 728 (10th Cir. 1993) (quoting Strickland, 466 U.S. at 689). Prejudice is shown by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

After reviewing the record, we are convinced that Petitioner has failed to establish a debatable claim of ineffective assistance of counsel. Petitioner first argues that his counsel erred in failing to move for suppression of the evidence discovered at Petitioner's home. Specifically, he argues that the search warrant was not supported by probable cause. Petitioner has failed to include the affidavit and search warrant in the record. Accordingly, we have no basis on which to conclude that counsel's failure to move for suppression was objectively unreasonable. See United States v. Young, 862 F.2d 815, 820-21 (10th Cir. 1989) (declining to consider ineffective assistance of counsel claim based on counsel's failure to file motion to suppress where defendant failed to include affidavit and search warrant in record on appeal).

Second, Petitioner asserts that his counsel failed to argue that the lab reports admitted into evidence supported a conviction for simple possession rather than possession with intent to distribute. The district court concluded after reviewing the trial transcript that defense counsel's strategy was to deny possession of the methamphetamine found on Petitioner's property. Because an

- 4 -

argument based on simple possession would have been inconsistent with this strategy, counsel did not unreasonably err in declining to tender that argument. Moreover, the evidence submitted at trial included testimony from a DEA task force officer that "[t]he presence of baggies, scales, the methamphetamine that was located [at Petitioner's home], is all indicative and consistent with distribution" and that firearms are often found near drug distribution materials because they are among the tools of the trade for drug traffickers. United States v. Sanders, 26 Fed. Appx. 802, 804 (10th Cir. Nov. 19, 2001) (unpublished). In light of this evidence, Petitioner has failed to demonstrate a reasonable probability that the result would have been different but for his counsel's failure to argue simple possession.

Third, Petitioner argues that his counsel failed to object to the presentence report on the basis that Amendment 599 prohibits certain enhancements that were made to Petitioner's base offense level. Petitioner's offense level of 34 was based on the Armed Career Criminal Act (ACCA). See 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4. Section 4B1.4 of the Guidelines provides for a minimum offense level of 34 if the defendant is an "armed career criminal" and possessed a firearm in connection with a controlled substance offense, as in this case. U.S.S.G. § 4B1.4(b)(3)(A). Amendment 599 has nothing to do with § 4B1.4 but instead applies to § 2K2.4 of the Guidelines. See U.S.S.G. App. C, Amend. 599

(2000). Accordingly, counsel's failure to object to the report on the basis of Amendment 599 was not error.

Finally, Petitioner argues ineffective assistance of counsel based on his counsel's failure to argue for a downward departure. Petitioner has asserted no ground on which his counsel should have argued for a downward departure, nor has he demonstrated that the sentencing court would have exercised its discretion to depart downward in response to such an argument. Accordingly, Petitioner has shown neither error nor prejudice to support this ineffective assistance of counsel claim.

For the foregoing reasons, we DENY the certificate of appealability and DISMISS Petitioner's appeal.