[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2006
THOMAS K. KAHN
CLERK

--------------------------------------

No. 05-10064
Non-Argument Calendar

--------------------------------------

D.C. Docket No. 98-00065-CR-ORL-22-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELL DEVON ATWELL, a. k. a.
Banji,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

**(March 6, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Cornell Devon Atwell, a federal prisoner appealing

pro se, appeals the district court's denial of his section 18 U.S.C. §3582(c)(2)

motion seeking modification of his term of imprisonment. No reversible error has been shown; we affirm.

Defendant was convicted in June 1998 of five counts: (1) conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §846; (2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2; (3) conspiracy to use and carry a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(o); (4) using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1) and (2); and (5) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The PSI first calculated a total offense level of 26: the base offense level was 24 pursuant to U.S.S.G. §§ 3D1.3(a) and 2K2.1, plus a two-level increase was imposed under § 2K2.1(b)(4) because the firearm with which Defendant was found was stolen. But the PSI also determined that the career offender and armed career offender provisions in U.S.S.G. §§4B1.2 and 4B1.4(b)(2), applied; under the career offender provisions, the PSI recommended an enhanced offense level of 37, a criminal history category of VI, and a guideline range of 360 months to life.

The district court determined that scoring under the career offender provisions was proper but concluded that Defendant's criminal history was over-

2

represented. The district court decided to depart downward to a base offense level of 30. Defendant was sentenced to a total of 270 months' imprisonment.

Defendant moved pursuant to 18 U.S.C. 3582(c)(2) for a reduction of sentence arguing that Amendment 599 to U.S.S.G. § 2K2.4 applied retroactively to preclude his possession of a firearm from contributing to his sentence calculation under more than one guideline section. The district court denied Defendant's motion without opinion.

We review denial of a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. See United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Under certain circumstances, a court may, after consideration of sentencing factors set out in 18 U.S.C. § 3553(a), reduce the term of imprisonment based on a later lowering of the sentencing range by the Sentencing Commission "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 599 altered § 2K2.4 and clarified the circumstances under which a court may impose a weapons enhancement on a defendant convicted of a firearms offense under 18 U.S.C. § 924(c). See 2000 Federal Sentencing Guidelines Manual, Appendix C; see also United States v. Pringle, 350 F.3d 1172, 1176 (11th Cir. 2003). But Defendant's first sentence calculation that included

3

scoring under § 2K2.4 was trumped by the greater sentence applicable to a career offender under Chapter Four; § 2K2.4 had no effect on the sentence actually imposed. Because Defendant was not sentenced under § 2K2.4 (the section addressed by Amendment 599), Amendment 599 is inapposite. See United States v. Sanders, 372 F.3d 1183, 1186 (10th Cir. 2004) ("Amendment 599 has nothing to do with § 4B1.4 but instead applies to § 2K2.4 of the Guidelines."). Amendment 599 can support no reduction in Defendant's sentence. See United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003) (Amendment 599 has no application when a defendant's sentence was not increased because of his possession of a firearm). No abuse of discretion has been shown.[1]

**AFFIRMED.**

---

[1]Defendant also argues that a reduction is due under Amendment 600. Amendment 600 revised § 2K2.4 to prohibit the use of 18 U.S.C. § 924(c) convictions "either to trigger application of the career offender guideline, U.S.S.G. § 4B1.1, or to determine the appropriate offense level under that guideline." U.S.S.G. Manual Supp. to App. C (Nov. 1, 2002). Even assuming arguendo that this issue is properly preserved on appeal -- Amendment 600 was not cited in Defendant's motion -- Amendment 600 offers Defendant no relief. Retroactive application of a guidelines amendment is consistent with Sentencing Commission policy only if the amendment is listed in U.S.S.G.§ 1B1.10(c). See Armstrong, 347 F.3d at 907. Amendment 600 is not listed in U.S.S.G. § 1B1.10(c). The district court's failure to apply Amendment 600 retroactively to modify Defendant's sentence supports no abuse of discretion claim. Id.