FILED

United States Court of Appeals
Tenth Circuit

February 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALONZO TONY CAMPBELL,

      Petitioner - Appellant,

v.

RON WARD, Director,

      Respondent - Appellee.

No. 08-5046
(D.C. No. CV-03-214-K)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

      Petitioner-Appellant Alonzo Tony Campbell, an Oklahoma state prisoner,

seeks to appeal the federal district court's denial of his habeas corpus petition.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we hold that no

reasonable jurist could conclude that the district court's denial was incorrect. *See*

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we **DENY** Mr.

---

      [*] This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1. After examining the briefs and the appellate record, this three-judge panel
has determined unanimously to honor Mr. Campbell's request for a decision on
the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore
ordered submitted without oral argument.

Campbell the requisite certificate of appealability ("COA") and **DISMISS** his appeal.

## I. Background

Thirteen bullets riddled a car one evening in Tulsa, Oklahoma. The bullets were fired from three guns. The car had just pulled into a nightclub parking lot. Two men were in the car. One of them, Carlton Peters, died; the other was hit by the gunfire but survived. Mr. Campbell, Erin Silmon, and Brandon Ballard were arrested in connection with the shootings. Mr. Campbell was tried jointly with Mr. Silmon in Oklahoma state court. Their trial was severed from Mr. Ballard's. A jury convicted both Messers. Campbell and Silmon of first-degree murder and of shooting with intent to kill.

The state courts rejected Mr. Campbell's direct appeal, his application for postconviction relief, and his appeal from the denial of postconviction relief. Mr. Campbell then filed a 28 U.S.C. § 2254 petition for habeas corpus relief in federal district court. The district court ultimately denied Mr. Campbell an evidentiary hearing, denied relief on his habeas claims, and denied him a COA. Because Mr. Campbell has not filed a specific request for a COA in this Court, we construe his notice of appeal to be such a request pursuant to Fed. R. App. P. 22(b)(2) and 10th Cir. R. 22.1(A).

## II. Standard of Review

The denial of a petition for federal habeas relief under § 2254 can be

appealed only if a COA is issued.  28 U.S.C. § 2253(c)(1)(A).  A COA may not issue under § 2253(c)(1) unless "the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack*, 529 U.S. at 484 (internal quotation marks omitted).  Our inquiry does not require a "full consideration of the factual or legal bases adduced in support of the [applicant's] claims," but rather "an overview of the claims . . . and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Because the district court addressed the merits of Mr. Campbell's claims in rejecting his § 2254 petition, we will grant a COA only if Mr. Campbell demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.

## III. Discussion

Mr. Campbell raises two related arguments, objecting to the alleged: (1) denial of his Fifth and Sixth Amendment rights due to the trial court's refusal to sever his trial from that of Mr. Silmon; and (2) ineffective assistance of counsel

based upon his trial counsel's failure to request such a severance.[1]  As the district

court explained in its denial of habeas relief, there are problematic questions of

procedural bar pertaining to Mr. Campbell's claims.  Because the application for

COA regarding both of Mr. Campbell's substantive claims can be denied readily

after considering the merits, we, like the district court, will "exercise [our]

discretion to bypass the procedural issues and reject [his] habeas claim on the

merits."  *Cannon v. Mullin*, 383 F.3d 1152, 1159 (10th Cir. 2004).

## A. Trial Court's Denial of Severance

As further explained below, Mr. Campbell's counsel did not specifically

request a severance from Mr. Silmon's trial, but his codefendant Mr. Silmon's

counsel did so several times, both before and during the trial.  Each time, the trial

court declined to sever Mr. Campbell's trial from Mr. Silmon's.

> Separate trials are not a matter of right where two defendants
> allegedly participated in the same act or transaction giving rise
> to the criminal offense.  The decision whether to grant or deny
> a motion to sever trials is within the trial court's discretion and
> will not be disturbed on appeal absent a showing of an abuse
> of discretion.  Denial of a motion to sever is not an abuse of
> discretion unless there is a serious risk that a joint trial [will]
> compromise a specific trial right of one of the defendants, or

---

[1]      In his pro se habeas corpus petition, Mr. Campbell additionally
asserted a separate claim that his trial attorney had operated under a conflict of
interest with his codefendant's attorney in contravention of *Holloway v. Arkansas*,
435 U.S. 475 (1978).  Mr. Campbell, now appearing through counsel, has
conceded that his reliance on *Holloway* was misplaced and does not continue to
assert this claim on appeal.  Mr. Campbell does refer, however, to a purported
"procedural strategic" conflict between his trial counsel and Mr. Silmon's counsel
as additional support for his ineffective assistance claim.  Aplt. Opening Br. at 9.

prevent the jury from making a reliable judgment about guilt or innocence.

The district court may order severance if it appears that a defendant is prejudiced by a joinder of offenses or of defendants. Before exercising its discretion to grant a motion to sever, however, the trial court must weigh prejudice to the defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration. It is not enough for [the defendant] to show that severance would have enhanced his chances of acquittal. He must, rather, make a strong showing of prejudice. This burden is heavy for the defendant to bear as he must show more than a better chance of acquittal or a hypothesis of prejudice, he must, in fact, show real prejudice.

*United States v. Dirden*, 38 F.3d 1131, 1140-41 (10th Cir. 1994) (first alteration in original) (citations and internal quotation marks omitted). "Whether the trial court erred in denying severance is generally a question of state law that is not cognizable on federal habeas appeal, for a criminal defendant has no constitutional right to severance unless there is a strong showing of prejudice caused by the joint trial." *Cummings v. Evans*, 161 F.3d 610, 619 (10th Cir. 1998) (citations omitted).

Mr. Campbell first argues that the denial of severance was prejudicial to his defense because it deprived him of his Fifth Amendment right against self-incrimination. Mr. Campbell asserts that because he was tried with Mr. Silmon, his decision to testify was not made freely and voluntarily; rather, it was a necessary action to disassociate himself from the gang-related evidence that presumably would not have been presented to the jury if Mr. Campbell had been

tried separately. Mr. Campbell, however, did not raise this Fifth Amendment argument in his habeas petition to the district court. Generally, we will not consider issues raised on appeal that were not presented to the district court. *See, e.g.*, *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720-21 (10th Cir. 1993). We see no reason to deviate from that practice here. Accordingly, Mr. Campbell's Fifth Amendment argument cannot aid him.

Next, Mr. Campbell argues that he suffered prejudice because the trial court's refusal to sever the trials at his codefendant's counsel's behest violated his Sixth Amendment right to a fair trial. According to Mr. Campbell, the failure to sever Mr. Silmon's trial from his own resulted in the jury hearing a large amount of highly prejudicial evidence linking both the shootings and Mr. Campbell to street gang activity that otherwise would not have been admitted.

With multiple defendants,

> [s]everance may be necessary if the defenses are so antagonistic that they are mutually exclusive. Severance is not warranted, however, merely because defense theories conflict or because one defendant is attempting to cast blame on the other. Mutually antagonistic defenses are not prejudicial per se. The defenses truly must be mutually exclusive, such that the jury could not believe the core of one defense without discounting entirely the core of the other.

*Dirden*, 38 F.3d at 1141 (citations and internal quotation marks omitted).

For substantially the same reasons outlined by the district court, we agree that Mr. Campbell has failed to demonstrate that he suffered prejudice as a result

of the trial court's failure to sever his trial from Mr. Silmon's. The jury heard Mr. Campbell's own testimony that he was not a gang member. Mr. Campbell's testimony also referred, however, to his interaction with gangs and the fact that his older brother had been a gang member. Mr. Campbell further testified that Mr. Parker, the man shot to death at the nightclub, was thought to be the person who had murdered Mr. Campbell's older brother. Further, despite Mr. Campbell's claim that the codefendants' defenses were mutually antagonistic, he fails to demonstrate how his alibi defense created any antagonism or conflict with the defense of Mr. Silmon, who did not testify. In our view, reasonable jurists could not debate the district court's conclusions that Mr. Campbell did not suffer prejudice from the failure to sever and that he is not entitled to habeas relief on this claim.

## B. Ineffective Assistance of Trial Counsel

Finally, Mr. Campbell raises the related argument that his trial counsel was ineffective for failing to request a severance of his trial from Mr. Silmon's. As noted above, the numerous requests for severance were all made by Mr. Silmon's counsel rather than Mr. Campbell's. According to Mr. Campbell, there was "a procedural strategic conflict" of interest between his trial counsel and that of Mr. Silmon, in that his counsel (unlike Mr. Silmon's counsel) unreasonably failed to recognize the prejudicial effect of the "gang related influence" in the case. Aplt. Opening Br. at 9.

In order to prevail on his ineffective assistance of counsel claim, Mr. Campbell must demonstrate, pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), both that his counsel's performance was deficient, i.e., that it fell below a standard of objective reasonableness, and that counsel's deficiencies prejudiced his defense, "depriving [Mr. Campbell] of a fair trial with a reliable result." *United States v. Sanders*, 372 F.3d 1183, 1185 (10th Cir. 2004).

> Petitioner must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and we are reminded that there are countless ways to provide effective assistance of counsel. Prejudice is shown by demonstrating that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* (citation and internal quotation marks omitted).

After reviewing the record, we agree with the district court's conclusion that Mr. Campbell has failed to establish a debatable claim of ineffective assistance of trial counsel. First, a careful review of the record indicates that Mr. Campbell's counsel did file a motion for severance from the trial of codefendant Mr. Ballard, and Mr. Ballard's trial indeed was conducted separately. The fact that Mr. Campbell's counsel did not file such a motion to sever from codefendant Mr. Silmon suggests a deliberate trial strategy by Mr. Campbell's counsel rather than deficient performance. Furthermore, contrary to Mr. Campbell's suggestion about a "procedural strategic" conflict of interest between his counsel and Mr. Silmon's counsel, Mr. Campbell's trial counsel filed a pretrial motion in limine in

an attempt to prevent gang-related evidence from being introduced during trial—reflecting that counsel in fact recognized the claimed evil that Mr. Campbell suggests that he overlooked by not filing a motion to sever and that counsel took affirmative steps to remove that claimed evil from the trial.

However, even assuming his trial counsel's performance fell below an objective standard of reasonableness (which we doubt), the lack of merit in Mr. Campbell's substantive Sixth Amendment claim forecloses his argument that his trial counsel was ineffective for failing to request a severance. More specifically, because the state court's failure to sever the trials did not deprive Mr. Campbell of a fair trial, he necessarily suffered no prejudice from his trial counsel's failure to request a severance. *Spears v. Mullin*, 343 F.3d 1215, 1251 (10th Cir. 2003); *Castro v. Ward*, 138 F.3d 810, 830 (10th Cir. 1998). Thus, Mr. Campbell has not demonstrated that reasonable jurists would find the district court's assessment of his ineffective assistance claim debatable or wrong, and a COA is not warranted. *See Slack*, 529 U.S. at 484.

## IV. Conclusion

For the reasons set forth above, we **DENY** Mr. Campbell a COA and **DISMISS** his appeal.

Entered for the Court

Jerome A. Holmes
Circuit Judge

-9-