FILED
United States Court of Appeals
Tenth Circuit

October 12, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DYMOND CHARLES BROWN,

Defendant-Appellant.

No. 10-7036
(D.C. No. 6:09-CV-00391-RAW and
6:06-CR-00069-RAW-1)
(E.D. of Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Dymond Charles Brown, a federal prisoner proceeding *pro se*,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 petition. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we DENY his application for a COA and DISMISS this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Brown is proceeding *pro se*, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir.1991).

**Background**

A jury convicted Brown of one count of knowingly and intentionally possessing with intent to distribute in excess of five grams of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). We affirmed Brown's conviction on direct appeal. *United States v. Brown*, 271 F. App'x 791, 793 (10th Cir. 2008). Brown then brought this *pro se* 28 U.S.C § 2255 petition, claiming 1) he received ineffective assistance of counsel, and 2) the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

The district court rejected both claims and dismissed the petition. The court found Brown's claim for ineffective assistance of counsel centered on his contention that his counsel 1) failed to advise him of the foreseeable consequences of rejecting a plea offer, 2) failed to present an actual innocence defense, which compelled Brown to take the witness stand, and 3) failed to adequately address information regarding an alleged relationship between Brown's ex-girlfriend and a witness. After reviewing the trial record, the district court rejected each contention. The court concluded Brown maintained his innocence and insisted on a jury trial, the evidence of guilt was overwhelming, trial counsel's conduct was within the realm of sound trial strategy, and counsel cross-examined the witness regarding the alleged relationship. The district court also determined Brown's second claim concerning the alleged *Brady* violation

-2-

was meritless because the alleged impeachment and exculpatory evidence was not material.

## Analysis

Brown's request for a COA raises two issues that are substantially the same as he raised before the district court. Brown first argues his trial counsel provided ineffective assistance by failing 1) to explain the consequences of rejecting a plea offer and proceeding to a jury trial, 2) to investigate fully the allegations of witness impropriety, and 3) to plead an actual innocence defense. Second, Brown claims the government failed to disclose impeachment and exculpatory materials in violation of *Brady*.

### A. *Standard of Review*

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). To receive a COA, Brown "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### B. *Ineffective Assistance of Counsel*

To prevail on his ineffective assistance of counsel claim, Brown must demonstrate 1) "counsel's performance was objectively deficient," and 2) "counsel's deficiency prejudiced the defense, depriving [Brown] of a fair trial

with a reliable result." *United States v. Sanders*, 372 F.3d 1183, 1185 (10th Cir. 2004). Brown "must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and we are reminded that there are countless ways to provide effective assistance of counsel." *Id.* (quotation and citation omitted). A petitioner can demonstrate prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

After reviewing the record, we are convinced Brown has failed to establish a debatable claim of ineffective assistance of counsel. As his trial counsel stated in an affidavit, he advised Brown to plead guilty because of the potential adverse consequences of proceeding to a jury trial. In addition, at trial and through this appeal, Brown continues to assert his innocence. At trial, Brown's counsel effectively cross-examined the witness regarding any alleged relationship with Brown's ex-girlfriend. The witness acknowledged being acquainted with Brown's ex-girlfriend but denied having any relationship with her. Finally, the decision by Brown's counsel not to pursue an actual innocence defense in the face of overwhelming evidence was within the realm of sound trial strategy.

*C.* Brady *Violation*

A defendant seeking habeas relief for an alleged *Brady* violation "must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable

to the accused; and (3) the evidence was material to the defense." *Snow v. Sirmons*, 474 F.3d 693, 711 (10th Cir. 2007) (citation omitted). The "touchstone of materiality is a reasonable probability of a different result, which exists when the government's evidentiary suppression undermines confidence in the outcome of the trial." *Trammell v. McKune*, 485 F.3d 546, 551 (10th Cir. 2007) (quotation and citation omitted).

The alleged *Brady* material was information regarding an unrelated civil claim against one of the witnesses. As the district court correctly noted, information regarding the lawsuit was publicly available, and the government did not withhold or suppress evidence of the lawsuit. Nor do we find the information material in light of the overwhelming evidence against Brown. Brown has thus failed to demonstrate a *Brady* violation.

## Conclusion

For the foregoing reasons, we DENY Brown's request for a COA and DISMISS his appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge