FILED
United States Court of Appeals
Tenth Circuit

January 9, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RICHARD D. BURK ,

     Defendant - Appellant.

No. 12-3256
(D.C. Nos. 2:11-CV-02575-KHV and
2:08-CR-20128-KHV-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

---

Defendant-Appellant Richard Burk seeks a certificate of appealability ("COA"),

see 28 U.S.C. § 2253(c), in order to appeal the denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence. Burk pled guilty to one count of bank robbery,

in violation of 18 U.S.C. § 2113(a), and was sentenced to 189 months in prison. That

sentence fell within Burk's advisory guideline range of 168 to 210 months in prison. At

sentencing, Burk unsuccessfully moved for a below-guideline sentence. In his § 2255

motion, Burk primarily complains that his attorney ineffectively argued for a below-

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

guideline sentence.  Burk specifically argues that defense counsel provided ineffective representation when he; 1) failed to object to the district court's denial of Burk's right to allocution at sentencing; 2) failed to prepare for Burk's sentencing by investigating Burk's mental disorder; 3) did not discuss the results of Burk's mental evaluation during the sentencing proceeding; and 4) failed to raise, on direct appeal, the district court's denial of Burk's right to allocution.[1]

Burk is entitled to a COA if he can make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Such a showing requires Burk to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).  Burk has failed to make such a showing.

In order to succeed on a claim of ineffective assistance of counsel, Burk must establish both that his attorney's performance was deficient and that that deficiency prejudiced Burk's defense.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  To establish prejudice, Burk "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In this case, then, Burk must show that, but for counsel's alleged deficient

---

[1] Burk also initially raised a claim in his § 2255 motion alleging that the district judge was biased, but Burk later voluntarily dismissed that claim.

2

performance, the district court would have exercised its discretion to impose a below-guideline sentence. See United States v. Sanders, 372 F.3d 1183, 1186 (10th Cir. 2004). Burk has not made such a showing, and so his claims challenging the adequacy of counsel's representation at sentencing do not warrant a COA. Further, because Burk cannot show that, but for counsel's alleged deficient performance at sentencing, he would have received a below-guideline sentence, his claim that appellate counsel failed to raise these sentencing issues on direct appeal also does not warrant a COA. See United States v. Hollis, 552 F.3d 1191, 1194-96 (10th Cir. 2009) (rejecting claim that appellate counsel was ineffective because defendant could not establish prejudice).

Therefore, we DENY Burk a COA and dismiss this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

3