BRISCOE, Circuit Judge.
Luis Alberto Arrevalo-Olvera appeals his sentence of sixty months of imprisonment for violating 8 U.S.C. §§ 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2), reentry of a deported alien previously convicted of an aggravated felony. His sixty-month sentence was within the applicable guideline sentencing range, but was three months above the low end of that range. Arrevalo-Olvera argues that the district court erred by holding that, unless it could first conclude that a sentence within the guideline range would be unreasonable, it would refuse to consider his request for a variance from the applicable guideline sentencing range. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.[1]
I.
Arrevalo-Olvera is a citizen of Mexico who illegally entered the United States as a young boy. When he was twenty years old, he was convicted in California state court for assault with a deadly weapon and sentenced to a four-year term of imprisonment. After serving his sentence on these charges, he was deported to Mexico on September 13, 2004.
Arrevalo-Olvera returned to the United States without legal authorization and was detained following a traffic stop. After the United States initiated criminal proceedings against him, Arrevalo-Olvera pled guilty to reentry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2). The probation office prepared a presentence report in advance of sentencing, calculating a guideline sentencing range of fifty-seven to seventy-one months.
Before sentencing, Arrevalo-Olvera filed a sentencing memorandum requesting that the district court either grant a downward departure or grant a variance and sentence him below the applicable guideline range. The United States responded by opposing a sentence below the applicable range. At sentencing, the district court rejected Arrevalo-Olvera’s request for a sentence below the applicable guideline range. The district court cited Arrevalo-Olvera’s violent criminal history and sentenced him to a term of imprisonment of sixty months, three months above the low end of the applicable sentencing range. In rejecting Arrevalo-Olvera’s request for a variance, the district court explained that it believed it could not sentence Arrevalo-Olvera below the applicable guideline range unless it first determined that a sentence within the applicable range would be unreasonable. After concluding that a sentence within the applicable guideline sentencing range would be reasonable, the district court refused to consider Arreva-lo-Olvera’s request for a sentence below the range.
II.
The sole issue raised by Arrevalo-Olvera is whether the district court erred in refusing to consider his request for a variance below the applicable guideline range until the district court had first satisfied itself that a sentence within the range would be unreasonable. In United States v. Kristi, 437 F.3d 1050 (10th Cir.2006) (per curiam), we addressed what scope of appellate review should apply to sentences imposed under the now-advisory *1213 Guidelines. We adopted a two-step approach:
First, we must determine whether the district court considered the applicable Guidelines range, reviewing its legal conclusions de novo and its factual findings for clear error. A non-harmless error in this calculation entitles the defendant to a remand for resentencing. If, however, the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable. The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a).
Id. at 1055. In United States v. Begay, 470 F.3d 964 (10th Cir.2006), we concluded that it is error for a district court to apply this appellate standard when sentencing. Specifically, we concluded it is error for the district court to refuse to consider a non-guideline sentence unless a guideline sentence would be unreasonable, reasoning that a district court “may impose a non-Guidelines sentence if the sentencing factors set forth in § 3553(a) warrant it, even if a Guidelines sentence might also be reasonable.” Id. at 975-76.[2]
The district court in the instant case committed a Begay error when it rejected Arrevalo-Olvera’s request for a variance because the district court concluded that, “in order for [Arrevalo-Olvera’s] sentence to be outside the applicable guideline range, [the district court has] to make a determination that the sentencing guideline range is unreasonable.” ROA, Vol. III, at 15. After concluding that a sentence within the guideline range would not be unreasonable, the district court failed to consider whether § 3553(a)’s factors nevertheless warranted a non-guideline sentence. This is the precise approach that we concluded was error in Begay.
We agree with the United States, however, that the district court’s Begay error in this case was harmless because the district court exercised its discretion to impose a sentence above the low end of the applicable guideline range. To demonstrate harmless error, the United States must show by a preponderance of the evidence that the district court’s Begay error “did not affect the district court’s selection of the sentence imposed.” United States v. Montgomery, 439 F.3d 1260, 1263 (10th Cir.2006) (citation and internal quotation marks omitted). Although the district court was mistaken in believing that it did not have discretion to consider a sentence below the guideline range until it first found that a sentence within the range would be unreasonable, the district court clearly recognized that it had discretion to impose any sentence within the applicable range and chose a sentence above the min *1214 imum. United States v. Paxton, 422 F.3d 1203, 1207 (10th Cir.2005) (“When the district court had undoubted discretion to reduce the sentence below what it imposed, its decision not to exercise discretion and impose a lower sentence renders any nonconstitutional Booker error harmless.”) (internal quotation marks omitted), cert. denied, 546 U.S. 1201, 126 S.Ct. 1403, 164 L.Ed.2d 103 (2006). As a result, “ ‘we have no reason to think that the district court would impose a different sentence on remand.’ ” United States v. Dowell, 430 F.3d 1100, 1112 (10th Cir.2005) (quoting Paxton, 422 F.3d at 1207). The district court’s imposition of a sentence above the low end of the guideline range also makes Arrevalo-Olvera’s case distinguishable from Begay. In Begay, we found the same sentencing error was not harmless because the district court imposed a sentence at the bottom of the guideline range. See Begay, 470 F.3d at 976-77.
In response to the United States’ argument that any error was harmless, Arreva-lo-Olvera argues that the district court chose a sixty-month term of imprisonment only because the district court wanted to increase the sentence above the minimum allowable to reflect Arrevalo-Olvera’s violent criminal history, not because a sixty-month sentence was appropriate in its own right. According to Arrevalo-Olvera, his sixty-month sentence was the result of the district court’s mistaken belief that the minimum allowable sentence was the low end of the guideline range, rather than a reasonable sentence sufficient but not greater than necessary to accomplish the sentencing goals set forth in § 3553(a). Arrevalo-Olvera argues that had the district court understood the breadth of its discretion, it may well have imposed a sentence below fifty-seven months, even after taking into account Arrevalo-Olvera’s violent criminal history.
We rejected a similar argument in United States v. Riccardi, 405 F.3d 852 (10th Cir.2005), because the 262 month sentence imposed was “‘at the high end of the guideline range....’” Id. at 874. Based on the district court’s refusal to use its limited pre-Booker discretion to sentence the defendant to a lesser term of imprisonment, we concluded that “there is no reason to think the judge would exercise his now-greater discretion to reduce the sentence.” Id. at 876. Similarly, in the present case, there is no reason to think that the district court would use its post -Booker discretion to lower Arrevalo-Olvera’s sentence below sixty months.[3]
AFFIRMED.

. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

. In Rita v. United States, - U.S. -, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), the Supreme Court recently held that a federal court of appeals may "presume that a sentence imposed within a properly calculated United States Sentencing Guidelines range is a reasonable sentence.” Id. at *2459. In so holding, the Supreme Court confirmed our holding in Begay, without explicitly mentioning that decision, that a presumption of reasonableness may attach to a guidelines sentence on appeal, but not when the district court initially considers what sentence to impose. As the Supreme Court explained,
We repeat that the presumption before us is an appellate court presumption. Given our explanation in Booker that appellate “reasonableness” review merely asks whether the trial court abused its discretion, the presumption applies only on appellate review .... In determining the merits of [the parties'] arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.
Id. 127 S.Ct. at *2464-65 (citations omitted) (emphasis in original).

. In concluding there is reason to think the district court would have sentenced Arrevalo-Olvera differently had it properly understood the post -Booker regime, the dissent relies on United States v. Nickl, 427 F.3d 1286 (2005). As the dissent correctly notes, however, the defendant in Nickl was sentenced at the low end of the applicable guideline sentencing range, unlike Arrevalo-Olvera who was sentenced three months above the low end of his applicable guideline sentencing range. Id. at 1302. A further difference is that the district court in Nickl expressly concluded that it lacked discretion to impose a lower sentence, whereas the district court in this case knew it had discretion to impose a sentence as low as fifty-seven months yet selected a sixty-month sentence instead. Id.