UNITED STATES of America, Plaintiff–Appellee,

v.

Anthony Robert KITTREDGE, Defendant–Appellant.

No. 07–1028.

United States Court of Appeals, Tenth Circuit.

Oct. 18, 2007.

Paul Farley, Office of the United States Attorney, Troy A. Eid, U.S. Attorney, United States Attorney's Office, Denver, CO, for Plaintiff–Appellee.

Jason B. Wesoky, Brownstein, Hyatt & Farber, Denver, CO, for Defendant–Appellant.

Before KELLY, MURPHY, and O'BRIEN, Circuit Judges.*

**ORDER AND JUDGMENT**\*\*

PAUL J. KELLY, JR., Circuit Judge.

Defendant–Appellant Anthony Robert Kittredge pleaded guilty to robbery affect-

---

\*\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

ing commerce, 18 U.S.C. § 1951(a), and brandishing a firearm during and in relation to the above, 18 U.S.C. § 924(c). He was sentenced to 24 months' imprisonment on the robbery affecting commerce count, and 84 months on the firearm count, to be served consecutively, and four years' supervised release thereafter. On appeal, Mr. Kittredge argues that the district court imposed an unreasonable sentence when it failed to depart downward from the Sentencing Guidelines or impose a non-Guidelines sentence. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

### Background

Mr. Kittredge pleaded guilty in connection with the robbery of a Phillips 66 convenience store, I R. Doc. 35 (Count 1, Second Superseding Indictment), and the brandishing of a firearm in connection with the robbery, I R. Doc. 148 (Count 1, Information). The plea agreement also provided for restitution for this robbery and two others that were the subject of other counts charged. I R. Doc. 151 at 2. The pre-sentence investigation report (PSR) determined that the base and adjusted offense level for the robbery count was 20. V R. 19; U.S.S.G. § 2B3.1(a). A downward adjustment of three levels for acceptance of responsibility resulted in a total offense level of 17. V R. 20; U.S.S.G. § 3E1.1(a), (b). The firearm count had a minimum term of imprisonment required by statute of 84 months. V R. 20; U.S.S.G. § 2K2.4(b). Mr. Kittredge's criminal history category was II, based on petty larceny convictions in 2003 and 2004. V R. 20. This resulted in a Guideline range of imprisonment of 27 to 33 months on the robbery count, with a consecutive

Guideline and statutory sentence of 84 months on the firearm count. The district court granted Mr. Kittredge's motion for a downward departure on the criminal history category (from II to I), resulting in a Guideline imprisonment range of 24 to 30 months on the robbery count. I R. Doc. 166 (motion); V R. 24.

Mr. Kittredge asked the court to consider a below-guideline sentence (variance) as to the robbery count based on his medical and physical needs. I R. Doc. 164 (motion for reasonable sentence); Doc. 165 (motion for court to consider mental health evaluation prepared for competency determination); V R. 24. Mr. Kittredge also sought a variance based upon his lack of criminal history and his difficult time in presentence confinement. I R. Doc. 164 at 2. The district court rejected these requests. The district court acknowledged that Mr. Kittredge's conduct occurred after a long period of lawful behavior, but that this type of conduct predated the counts of conviction and resulted in current charges here and elsewhere. Though the district court stated that the case was unusual and may have involved mental health issues, the court was persuaded that "these were serious events with serious repercussions" particularly on the victims. V R. 27. The district court also commented that given the mandatory sentence of 84 months on the firearm count, the only count eligible for a variance would be the robbery count and that medical and mental health needs could be addressed by the Bureau of Prisons. V R. 25. Mr. Kittredge was sentenced to the bottom of the Guidelines range of 24 months on the robbery count, and 84 months on the firearms count, to be served consecutively. V R. 27–28, 30–31.

It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and

10th Cir. R. 32.1.

*Discussion*

Mr. Kittredge argues that the district court (1) imposed an excessive and unreasonable sentence when it failed to depart downward from the Guidelines [1] or impose a non-Guidelines sentence, and (2) improperly presumed Mr. Kittredge's sentence was reasonable. A district court's sentencing decision is reviewed for abuse of discretion based on the factors contained in 18 U.S.C. § 3553(a). *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007); *United States v. Garcia–Lara,* 499 F.3d 1133, 1134–35 (10th Cir.2007). A sentence may be challenged based upon procedural reasonableness, regarding the method of imposing sentence, or based upon substantive reasonableness, regarding the length of the sentence. *United States v. Kristl,* 437 F.3d 1050, 1055 (10th Cir.2006) (per curiam).

*A. The Sentence is not Excessive and Unreasonable.*

Mr. Kittredge does not contest the district court's calculation of his sentence under the Guidelines, rather his first argument faults the court for failing to adequately consider various factors contained in 18 U.S.C. § 3553(a), including his mental health, 18 U.S.C. § 3553(a)(2)(D), the unusual nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), the seriousness of the offense, 18 U.S.C. § 3553(a)(2)(A), the need to avoid unwarranted sentencing disparities, 18 U.S.C. § 3553(a)(6), and the need for deterrence and protection of the public, 18 U.S.C. § 3553(a)(2)(A)–(C). To the extent that he is arguing that the sentence is procedurally unreasonable based on the district court's failure to articulate these factors, he failed to object at the sentencing hearing, so our review would be for plain error. *See United States v. Romero,* 491 F.3d 1173, 1177 (10th Cir.2007). There is no error, plain or otherwise, however, because the district court may engage in a general discussion of the sentencing factors or indicate that it has considered them vis-a-vis the parties' arguments, and comply with the requirement of 18 U.S.C. § 3553(c). *Rita,* 127 S.Ct. at 2468; *United States v. Ruiz–Terrazas,* 477 F.3d 1196, 1202 (10th Cir.2007). The district court did so here. V R. 18, 30.

With regard to Mr. Kittredge's argument that the district court imposed a sentence that is substantively unreasonable, we are unpersuaded. The inquiry is not whether the district court weighed the factors in the same manner as contended for by counsel, but whether it abused its discretion given the weighing it chose.

Although Mr. Kittredge argues that the district court should have imposed the shortest term of imprisonment possible to allow for mental health treatment, this is based on a counter-intuitive premise without evidentiary support—that no mental health services are available in federal

---

1. The only downward departure Mr. Kittredge asked for was one based on criminal history, and his motion was granted. I R. Doc. 166. His other motion sought a sentence at "a point below the recommended guideline." I R. Doc. 164 at 2. A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines." *United States v. Atencio,* 476 F.3d 1099, 1101, n. 1 (10th Cir.2007). A variance occurs "when a court enhances or detracts from the recommended range through application of § 3553(a) factors." *Id.* We lack jurisdiction to consider a district court's discretionary decision not to depart. *See United States v. Fonseca,* 473 F.3d 1109, 1112 (10th Cir.2007). After the district court granted a downward departure based on criminal history, the district court entertained argument on the reasonableness of the sentence in light of the § 3553(a) factors.

prison. The district court recommended that the Bureau of Prisons perform a physical and mental evaluation, and was of the view that the Bureau of Prisons could address his medical and mental health needs. *See also* Aplee. Br. at 18 (representing that such care is available), attach. 1 (Program Statement). Although Mr. Kittredge argues that he may not come within the definition of mental illness contained within the Program Statement supplied by the government, we have no evidentiary basis for the argument. The district court was also unpersuaded that a shorter sentence on the robbery count would have any effect on addressing such needs.

As to the nature and circumstances of the offense and his personal characteristics, Mr. Kittredge maintains that the district court recognized that his crimes were not economically rational, and came after a long period of lawful behavior. Be that as it may, the district court weighed this against the fact that Mr. Kittredge's conduct became progressively more bold, from petty larceny to armed robbery. The robberies "were serious events with serious repercussions," particularly on the victims, not because of monetary loss, but because of the lasting emotional trauma resulting from the use of a weapon in the course of a robbery. V R. 27.

Mr. Kittredge also argues that the district court imposed a disparate 108 month sentence given statistical information concerning the average length of sentences involving robbery and firearms, and results in individual cases. Aplt. Br. at 16–17 (citing *United States v. Mansur–Ramos*, 348 F.3d 29, 31 (1st Cir.2003), and *United States v. Mansfield*, 2006 WL 4079685 (D.N.M. Nov.30, 2006)). This argument and the evidence and authorities ostensibly in support were not raised before the district court, so our review must

be for plain error. We find no plain error, particularly considering that the data used in comparison ought to involve sentences of similarly situated defendants, i.e., those with firearms offenses requiring a statutory sentence. 18 U.S.C. § 924(c)(1)(A)(ii).

Mr. Kittredge also argues that the sentence is unreasonable because the district court declined to require him to liquidate assets, preferring that such assets be used for restitution and ensuring that he would be able to become economically self-sufficient upon release from prison. V R. 28. Although Mr. Kittredge tells us that this means that the court was convinced that (1) he was not a threat and (2) no further deterrence beyond an 84 month sentence was necessary, we are not so sure. As in *Rita*, the record in this case makes clear that the district court considered the arguments, evaluated the evidence, and exercised its own discretion in applying the § 3553(a) factors. The district court "simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range." *Rita*, 127 S.Ct. at 2469. We conclude that the district court did not abuse its discretion and reject the argument that the district court imposed an excessive and unreasonable sentence. Its decision was well within the bounds of permissible choice. *See United States v. Nickl*, 427 F.3d 1286, 1300 (10th Cir.2005).

**B. The District Court Did Not Apply a Presumption of Reasonableness to the Advisory Guideline Sentence.**

A sentence within the advisory Guidelines range carries an appellate presumption of reasonableness. *Rita*, 127 S.Ct. at 2462; *Kristl*, 437 F.3d at 1054. Mr. Kittredge argues that the district court improperly applied a presumption of reasonableness when it stated that it was not empowered to respond to global requests for a variance not hitched to one of the

§ 3553(a) factors. V R. 24; *Rita*, 127 S.Ct. at 2465 (a district court may not rely on a presumption of reasonableness as to a Guidelines sentence). Counsel then urged the court to consider Mr. Kittredge's medical and physical needs. Mr. Kittredge argues that this means that the district court did not consider other § 3553(a) factors because they were not specifically raised, yet he was not required to raise them.

To be sure, we have made it clear that a district court may impose a non-Guidelines sentence, even where a Guidelines sentence would also be reasonable. *United States v. Arrevalo–Olvera*, 495 F.3d 1211, 1213 (10th Cir.2007); *United States v. Begay*, 470 F.3d 964, 975–76 (10th Cir.2006), *cert. granted,* —— U.S. ——, 128 S.Ct. 32, 168 L.Ed.2d 808 (2007). It is error to condition a variance on a showing that the Guidelines sentence would be unreasonable. *Id.* But as an advocate, counsel is still required to raise arguments in favor of a non-Guidelines sentence so as to inform the sentencing judge, and also to pursue such arguments on appeal. *See United States v. Mancera–Perez*, 505 F.3d 1054, 1058–59 (10th Cir.2007). The district court's statement that it was not "empowered to respond to global requests," V R. 24, was a request for assistance for identifying § 3553(a) factors that would justify a variance, not a refusal to consider those factors unless the Guidelines sentence was unreasonable. After all, the district court heard argument from both counsel, granted a downward departure and expressly stated it had considered the § 3553(a) factors in imposing sentence. The sentencing colloquy must be evaluated as a whole and in context, and it is clear that the district court evaluated the arguments raised and came to an independent determination, without the aid of any presumption, that the Guidelines sentence (as modified by a downward departure) was reasonable and appropriate.

AFFIRMED. The motion to supplement the record on appeal with Doc. 187 under seal is granted.