**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DYMOND CHARLES BROWN,

    Defendant-Appellant.

No. 07-7061

(D.C. No. CR-06-069-001-RAW)
(E. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, SEYMOUR,** and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

A jury convicted Defendant Dymond Charles Brown of one count of knowingly and intentionally possessing with intent to distribute in excess of five

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grams of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii). He argues that the district court erred in admitting a toxicology report showing the presence of cocaine in his bloodstream on the date of his arrest. He also contends that his sentence was substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

## I.

On October 6, 2006, Officer James Folsum of the Muskogee Police Department received a call notifying him that there was a reckless driver in the Muskogee area. He arrived at the scene and saw a blue Chevrolet pickup truck off of the road in a ditch. Defendant was sitting in the driver's seat. When Officer Folsum asked Defendant if he was okay, Defendant's response was inaudible. The driver's side door had been damaged, and Defendant was unable to open it, so Officer Folsum helped Defendant climb out of the window. At that point, Officer Folsum detected a strong odor of alcohol, and he tried to take Defendant into custody. Defendant resisted, and Officer Folsum was forced to wrestle him to the ground. While simultaneously lying on top of Defendant and preventing Defendant from escaping, Officer Folsum activated the emergency call button on his police radio. In response, additional police officers arrived and Defendant was taken into custody.

Because they suspected that Defendant had sustained injuries in the

2

accident, the police called the EMS, and Defendant was taken to the hospital by ambulance. Officer Folsum followed in his patrol car. At the hospital, Officer Folsum accompanied Defendant to the emergency room, where two nurses, Keasha Newton and Sam Abbott, administered treatment to Defendant behind a closed curtain. Officer Folsum waited outside of the curtain.

Defendant did not speak to the nurses, but he responded to various stimuli. Because they needed to perform a physical assessment of Defendant to determine the scope of his injuries, the nurses began removing his clothing. When they slid off his pants, two bags fell out of Defendant's underwear. The bags contained a white substance, and Defendant grabbed one of the bags in an attempt to prevent the nurses from seizing it. Ultimately, the nurses confiscated both bags from Defendant, and Ms. Newton stepped outside of the curtain and handed the bags to Officer Folsum. The nurses also performed routine tests on Defendant to see if drugs or alcohol were present in his system. A resulting toxicology report showed that Defendant tested positive for cocaine, benzoin, PCP, and cannabis.

For his part, Officer Folsum suspected that the two bags contained crack cocaine. One of the bags contained a large solid piece of the substance, while the second bag contained several small pieces. Officer Folsum took the bags back to the police station, temporarily put them in a police locker, and later sent them to the Oklahoma State Bureau of Investigation ("OSBI") for testing. Jason McGinnis, a criminologist with the OSBI, performed a preliminary test on the

3

substance in the bags, which indicated the presence of crack cocaine. He next tested the substance using a gas chromatograph mass spectrometer, which verified that the substance did, in fact, contain cocaine base. The total weight of the substance was 20.76 grams.

At Defendant's trial, the government presented the testimony of Officer Folsum, Ms. Newton, Mr. Abbott, and Mr. McGinnis. The government also presented the testimony of Officer William Bolling, a member of the special investigations unit of the Muskogee Police Department. He explained that when crack cocaine is manufactured, the end product is a whole piece, or "cookie", that is broken apart into smaller rocks for sale or personal use. On average, once the cookie is broken apart, an individual rock weighs about 0.2 grams and costs approximately $20.00 on the street.[1] One of the bags found on Defendant contained rocks of approximately this size, most weighing between 0.1 and 0.3 grams, which was consistent with Defendant possessing them for distribution. The other bag contained one big piece, weighing 13.3 grams (or roughly one-half of an ounce), which was also a common quantity for distribution.

The government introduced several exhibits, including the bags of crack cocaine, the OSBI report, and a chain-of-custody report. One of the government's exhibits—the toxicology report from the hospital—created some controversy and

---

[1] The cost, obviously, decreases or increases with the quantity, and averages approximately $100 per gram.

4

is the subject of Defendant's appeal. Prior to the government presenting its case, Defendant objected to the toxicology report on three grounds: (1) "that the only witness who could properly sponsor that record and, of course, testify to those facts would be the toxicologist," (2) that its use at trial violated Rule 404(b) of the Federal Rules of Evidence, and (3) that Defendant did not receive proper notice that the government was seeking the report or planning to use it as evidence. Tr. at 70. The government responded that the report was evidence of Defendant's possession, that the report was admissible under the hearsay exceptions in Rules 803(4) and 803(6), and that the report was admissible without the testimony of the custodian because it was properly authenticated by an attached certificate. The district court ruled that the toxicology report was admissible, stating:

> I think they do come in under the hearsay exceptions articulated by [government's counsel]. I think they are relevant and certainly there is not substantial danger of unfair prejudice from them being admitted. So, I'm going to overrule that.

Tr. at 72.

Later, when the government moved to admit the toxicology report into evidence, Defendant again objected, arguing that the report had not been properly sponsored, and that "it brings into evidence prior conduct of the defendant which would not be admissible under 404(b)." Tr. at 124. The government again responded that "[t]he medical records are authenticated by the attached certificate

5

as appropriate or by the Federal Rules of Evidence and the materials are admissible under an exception to the hearsay rule," Rule 803(4) and/or Rule 803(6). Tr. at 125. As for Defendant's argument under Rule 404(b), the government argued that the toxicology report was not extrinsic evidence, but rather "intrinsic evidence to this particular case, to this particular occasion." Tr. at 125. The district court agreed with the government, and admitted the toxicology report into evidence.

Defendant then took the witness stand to testify in his own defense. He testified that he did not possess crack cocaine on October 6, 2006, and he did not know how it came to be on his person. He believed that someone had planted the crack cocaine on him. He also requested that the district court allow him to undertake a "demonstration," whereby he would put the bags of crack cocaine down his pants and show that they could not have remained in place during his scuffle with Officer Folsum. Over the objection of the government, the district court allowed the demonstration, but the demonstration failed—the bags did not move from inside Defendant's pants. Ultimately, the jury returned a verdict of guilty on the one count of possession of cocaine base with intent to distribute, finding, as part of the verdict, that Defendant possessed five grams or more of a mixture or substance containing cocaine base.

The Presentence Report ("PSR"), relying upon the OSBI's determination that Defendant possessed 20.76 grams of crack cocaine, recommended a base

offense level of 28. <u>See</u> U.S.S.G. § 2D1.1(a)(3), (c)(6). It also recommended a two-level adjustment for obstruction of justice, <u>see</u> U.S.S.G. § 3C1.1, because Defendant had "blatantly [given] false testimony at trial disputing witness testimony that the drugs in this case fell out of his pants." PSR, ROA, Vol. V, at 5. This resulted in a total offense level of 30. Because Defendant had two prior felony convictions for crimes of violence, however, the PSR concluded that, under U.S.S.G. § 4B1.1, Defendant was a career offender, and his offense level under § 4B1.1(b)(B) was 34. Combined with a criminal history category of VI, this resulted in a Guidelines range of 262 to 327 months. Prior to the sentencing hearing, Defendant submitted a Sentencing Memorandum, asking for a variance under the factors listed in 18 U.S.C. § 3553(a) and requesting a sentence of ten years. Defendant also requested a departure from the career offender provision, pursuant to U.S.S.G. § 4A1.3.

At the sentencing hearing, the district court concluded that Defendant was a career offender under U.S.S.G. § 4B1.1 and that the PSR had correctly calculated the Guidelines range. As for Defendant's request for a departure or variance, the district court stated:

> I've reviewed the defendant's sentencing memorandum and have taken into consideration the government's position on the matter. I recognize my authority to vary from the advisory sentencing range called for by the application of the guidelines. I've considered the factors submitted on behalf of defendant and cannot find that, as to each or by any combination thereof, there exists mitigating circumstances which would warrant a variance or downward

7

departure from the recommended sentencing range established in this case. The defendant's argument regarding the nature and circumstances of the offense is essentially that the crime could have been worse, larger quantity of drugs, identifiable victims, no firearms, not in possession of significant sums of money, no paraphernalia. The Court believes the guidelines take into account the crime charged and its attendant circumstances. Therefore, no variance is appropriate on that basis.

The defendant's argument regarding history and characteristics details the defendant's less than idyllic upbringing and life history. The Court has considered these details but finds that the defendant's history is not significantly different than that from any of the other defendants to the degree that a variance is appropriate. As the Court's supposition, perhaps speculation, that the violent act inflicted upon the defendant in his childhood perhaps needs to be put aside as an excuse for further criminal conduct.

Sentencing Transcript, ROA, Vol. II, at 16-17. The district court also explained:

In formulating the sentence imposed, this Court has considered the nature and circumstances of the offense, as well as the characteristics and criminal history of the defendant. The Court has further taken into consideration the sentencing guideline calculations obtained within the presentence report in addition to any objections, clarifications, additions, or deletions to those guideline calculations identified in the addendum to the report or announced in open court today. While the Court recognizes that it is not bound by the sentencing guideline calculations, the Court has considered them and finds them to be advisory in nature. The sentence prescribed by this Court reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. This sentence affords adequate deterrence to criminal conduct, protects the public from further crimes of this defendant, and provides correctional treatment for the defendant in the most effective manner. The Court has further determined that this sentence is reasonable for this defendant and the crimes for which he's been convicted. The Court notes for the record that this is the same sentence the Court would impose if given the broadest possible discretion, and the same sentence the Court would impose notwithstanding any judicial fact finding occurring by adoption of the presentence report or at this

8

hearing.

Id. at 19-20.  The district court sentenced Defendant to 262 months'
imprisonment, followed by 48 months of supervised release.

## II.

Defendant raises two issues on appeal.  First, he argues that the district
court erred in admitting the toxicology report because (1) under Rule 403 of the
Federal Rules of Evidence, the report's probative value was substantially
outweighed by the danger of its unfair prejudice; (2) the report was improperly
sponsored under Rule 803(6); and (3) the report violated his rights under the
Confrontation Clause of the Sixth Amendment.[2]  Second, he argues that his
sentence was substantively unreasonable.

*Admissibility of the toxicology report*

A.    *Fed. R. Evid. 403*

The district court's decision to admit the toxicology report did not violate
Rule 403 of the Federal Rules of Evidence.  Defendant did not object to the
toxicology report on this ground at trial, so we review for plain error.  United
States v. Fleming, 19 F.3d 1325, 1331 (10th Cir. 1994) ("We generally review the
trial court's decision to admit evidence under this rule for abuse of discretion.

---

[2] Defendant has not appealed the district court's ruling with regard to the toxicology report's admissibility under Rule 404(b), so we need not address that issue.

9

Because Mr. Fleming did not object on Rule 403 grounds at trial, however, we review his claim only for plain error." (citation omitted)). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (citation and internal quotation marks omitted).

The district court did not err, and Defendant's claim fails under the first prong of our plain error standard. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. "Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Moran, 503 F.3d 1135, 1145 (10th Cir. 2007) (citations and internal quotation marks omitted). "Excluding otherwise admissible evidence under Rule 403 is an extraordinary remedy that should be used sparingly." United States v. Leonard, 439 F.3d 648, 652 (10th Cir. 2006) (citation, alteration, and internal quotation marks omitted).

The government had to prove that Defendant "knowingly or intentionally . .

10

. possess[ed]" the controlled substance. 21 U.S.C. § 841(a)(1).[3] Defendant

contested this element of the crime, arguing that someone had planted the crack

cocaine on him. The toxicology report showed that Defendant had cocaine in his

bloodstream on the day of the arrest, increasing the probability that Defendant

knowingly and intentionally possessed the crack cocaine. See Fed. R. Evid. 401;

cf. United States v. McAfee, 998 F.2d 835, 837 (10th Cir. 1993) (explaining,

where a defendant's urine had tested positive for cocaine, that "a person cannot

use a drug without possessing it"). In contrast, the danger of unfair prejudice

from the toxicology report was minimal. It did not substantially outweigh the

report's probative value. See Fed. R. Evid. 403. The district court did not err

under Rule 403.

B.      *Fed. R. Evid. 803(6)*

The district court held that the toxicology report fell within the hearsay

exceptions in Rules 803(4) and 803(6) of the Federal Rules of Evidence. Tr. at 72

("I think they do come in under the hearsay exceptions articulated by

[government's counsel]." (emphasis added)). On appeal, Defendant does not

challenge the district court's determination under Rule 803(4); he only challenges

the determination under Rule 803(6).

By failing to challenge the district court's Rule 803(4) determination,

---

[3] The lesser-included offense required similar proof.

11

Defendant has waived the issue on appeal. See United States v. Black, 369 F.3d 1171, 1176 (10th Cir. 2004) ("Failure to raise an issue in the opening appellate brief waives that issue."). Moreover, the district court's Rule 803(4) determination was independently dispositive as to the admissibility of the toxicology report under the hearsay rule and remains so on appeal. As the district court identified an independent basis for the admissibility of the toxicology report which has not been challenged on appeal, we need not address Defendant's argument challenging the court's alternative ruling under Rule 803(6). See Berna v. Chater, 101 F. 3d 631, 633 (10th Cir. 1996) ([I]f on appeal a claimant challenges only one of two alternative rationales supporting a disposition . . . success on appeal is foreclosed.") (internal quotations and citation omitted)).

C.    *Confrontation Clause*

The district court's decision to admit the toxicology report did not violate the Confrontation Clause of the Sixth Amendment. Because Defendant failed to object before the district court on this ground, "we review the judge's decision to admit this evidence only for plain error." United States v. Johnson, 971 F.2d 562, 572 (10th Cir. 1992). As explained above, "[p]lain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Gonzalez-Huerta, 403 F.3d at 732. Defendant has the burden of showing plain error. See id. at 732-33.

12

Once again, Defendant has not met the first prong of the plain error standard, because the toxicology report was not "testimonial" under the Confrontation Clause. "[T]he Confrontation Clause bars admission of testimonial out of court statements unless the witness is unavailable and the defendant had a prior opportunity for cross-examination." United States v. Ramirez, 479 F.3d 1229, 1247 (10th Cir. 2007) (citing Crawford v. Washington, 541 U.S. 36, 68 (2004)). Further, "Crawford suggests public records and business records fall outside the testimonial ambit of the Confrontation Clause." United States v. Mendez, 514 F.3d 1035, 1045 (10th Cir. 2008) (citing Crawford, 541 U.S. at 76 (Rehnquist, C.J., concurring)); see also Crawford, 541 U.S. at 56 (explaining that business records "by their nature were not testimonial"). Defendant has not shown that the toxicology report was testimonial, and the district court did not err in admitting it.

*Substantive reasonableness of Defendant's sentence*

Defendant's sentence was substantively reasonable. As the Supreme Court recently explained in Kimbrough v. United States, --- U.S. ---, 128 S. Ct. 558, 564 (2007), "'reasonableness' is the standard controlling appellate review of the sentences district courts impose." We review for substantive reasonableness "under an abuse-of-discretion standard," and, "[w]hen conducting this review, [we] will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall v. United States, ---

13

U.S. ---, 128 S. Ct. 586, 597 (2007). Moreover, we may apply a presumption of reasonableness to a sentence properly calculated under the Guidelines. Id. "'The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a).'" United States v. Arrevalo-Olvera, 495 F.3d 1211, 1213 (10th Cir. 2007) (quoting United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006)) (alteration in original).

Defendant does not challenge the procedural reasonableness of his sentence, and he acknowledges that the district court correctly calculated his sentence under the Guidelines and imposed a within-Guidelines sentence. Defendant contends, rather, that the district court should have granted him a variance under the factors listed in 18 U.S.C. § 3553(a).[4] In particular, Defendant argues that the seriousness of his criminal history was overstated, and that his tumultuous upbringing would justify the court's imposing a lower sentence.

The district court did not abuse its discretion in imposing Defendant's sentence. The sentence was within the Guidelines range, so it is presumptively reasonable on appeal. See Arrevalo-Olvera, 495 F.3d at 1213. Moreover,

---

[4] Defendant also asserts that the district court should have granted him a departure, pursuant to U.S.S.G. § 4A1.3, from the career offender provision in § 4B1.1. On appeal, however, we have no jurisdiction "to review a district court's discretionary decision to deny a motion for downward departure" pursuant to U.S.S.G. § 4A1.3(b). United States v. Angel-Guzman, 506 F.3d 1007, 1017-18 (10th Cir. 2007) (quotation marks and citation omitted).

14

Defendant has not succeeded in rebutting this presumption under the factors listed in 18 U.S.C. § 3553(a). The district court analyzed the factors in detail on the record, and, in light of this analysis, the district court did not abuse its discretion in sentencing Defendant to 262 months' imprisonment. Defendant's sentence was substantively reasonable.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge