**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOEL SOTO,

     Defendant-Appellant.

No. 07-4230

(D.C. No. 07-CR-171-TC
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY**, and **HARTZ,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

A jury convicted Joel Soto ("Soto") of one count of possession of 50 grams

or more of a controlled substance with intent to distribute in violation of 21

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

U.S.C. § 841(a)(1). Soto admitted that he possessed 75 grams of methamphetamine. Only his intent to distribute was at issue during trial. At the trial, law enforcement officers testified that the amount of drugs Soto possessed was indicative of distribution. Soto contends that the district court erred by allowing some of this testimony because the government did not qualify two of the officers as expert witnesses. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I

On October 27, 2006, Soto was arrested for violating a protective order. During a search of Soto's car incident to his arrest, officers found approximately 75 grams of methamphetamine, a glass pipe, and $424 in cash.

Soto was subsequently indicted on one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). After he was convicted following a jury trial, the district court sentenced him to 151 months' incarceration and 60 months' supervised release.

II

Soto raises one evidentiary issue on appeal. Given Soto's failure to object to this issue at trial, we review for plain error. United States v. Harlow, 444 F.3d 1255, 1261 (10th Cir. 2006) (citing United States v. Magallanez, 408 F.3d 672, 679–80 (10th Cir. 2005)). To establish that the district court committed plain error, Soto must establish: (1) error; (2) that is plain; (3) that affects substantial

2

rights; and (4) that "seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Jones v. United States, 527 U.S. 373, 389 (1999)).

Soto challenges the admissibility of the opinion testimony of two police officers: Officers Samuels and Manning. Soto contends the district court erred by permitting these officers to provide opinion evidence that was not based on common knowledge. Specifically, the officers testified that the amounts of methamphetamine in Soto's possession indicated an intent to distribute and exceeded amounts a user of methamphetamine would possess for personal use. The government did not designate or qualify these officers as expert witnesses. Because Rules 701(c) and 702 of the Federal Rules of Evidence permit only expert witnesses to provide opinion testimony based on specialized knowledge, Soto argues that the district court plainly erred by admitting these portions of the officers' testimony.

The government concedes that it did not offer the officers as expert witnesses and that the testimony at issue qualifies as expert testimony under the Federal Rules of Evidence. The government, however, argues that the district court's admission of the testimony was not error, and certainly not plain error. In support of this argument, the government contends that the challenged testimony was not prejudicial to Soto because it was "merely cumulative." Applee. Br. at 20.

3

Because the government concedes that the officers' testimony included expert opinions despite the government's failure to offer or qualify the officers as experts, we proceed to address whether the admission of the testimony affected Soto's substantial rights. To show that the error affected his substantial rights, Soto bears the burden of establishing that but for the error, the outcome of his trial would have been different. Harlow, 444 F.3d at 1261 (citing United States v. McHorse, 179 F.3d 889, 903 (10th Cir. 1999)).

Soto's defense at trial was that although he possessed methamphetamine, his possession was only for personal use, and that he had no intent to distribute the drug. Soto contends that the testimony of police officers relating the quantity of drugs to the intent of the possessor is "highly damaging testimony." Aplt. Br. at 11. Soto, however, acknowledges that the presently-challenged testimony was not the only evidence at trial suggesting that the quantity Soto possessed indicated an intent to distribute. Consequently, he argues that:

> confirmation from *multiple* officers that the quantity of drugs in [his] possession shows intent to distribute could not help but be extremely compelling. . . . While [] Soto may have been able to call into question the testimony of one expert witness who had no personal experience with him and could speak only to general trends, the additional corroborative testimony of other officers with direct knowledge of the facts of [] Soto's possession effectively prevented any attempt to challenge that opinion.

Id. at 11–12.

Soto has not shown that had the district court excluded the expert testimony

4

of Officers Samuels and Manning, the outcome of his trial would have been different. Soto only suggests that he "may have been able" to challenge the properly-admitted expert testimony of DEA Special Agent Bryan. As stated, Soto's sole defense was that he lacked the requisite intent to distribute. On the record presented, there was sufficient evidence for the jury to conclude that Soto had the requisite intent even if the jury would have ignored the opinion evidence of Officers Samuels and Manning.

The jury heard evidence that Soto possessed distribution-level quantities of methamphetamine and that he did not manifest the characteristics of a methamphetamine addict. Specifically, Soto conceded that he possessed approximately 75 grams of methamphetamine. R. Vol. IV at 97–98. Special Agent Bryan testified that a user of methamphetamine would purchase and possess between one fourth of a gram and a gram. R. Vol. V at 189. In contrast, Special Agent Bryan identified quantities exceeding 20 grams of methamphetamine as "distribution amounts" and "not [] personal use amount[s]." R. Vol. V at 197. Special Agent Bryan also identified items in evidence—sandwich bags, or "baggies"—as packaging indicative of someone involved in distributing drugs. Lastly, Special Agent Bryan described the physical characteristics that are common for methamphetamine addicts—sores on the skin, poor dental hygiene, and weight loss. According to testimony at the trial, Soto did not exhibit these physical characteristics. Based on this evidence

5

alone, and excluding the challenged portions of the testimony of Officers Samuels and Manning, a jury could reasonably infer that Soto intended to distribute the drugs in his possession. See United States v. Pulido-Jacobo, 377 F.3d 1124, 1131 (10th Cir. 2004) ("[A] jury may infer intent to distribute from the possession of large quantities of drugs.").

Soto has not shown that but for the challenged opinion testimony, the outcome of his trial would have been different.

We affirm.

Entered for the Court


Mary Beck Briscoe
Circuit Judge