FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL CHRISTOPHER DAVIS,

Defendant-Appellant.

No. 08-6266

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 5:08-CR-00148-HE-1)**

---

Submitted on the briefs:[*]

David Autry, Oklahoma City, Oklahoma for Defendant-Appellant.

John C. Richter, United States Attorney, Ashley L. Altshuler, Special Assistant United States Attorney, Edward J. Kumiega, Assistant United States Attorney, Oklahoma City, Oklahoma for Plaintiff-Appellee.

---

Before **KELLY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**KELLY**, Circuit Judge.

Michael Christopher Davis, who was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), appeals the district court's denial of his motion to suppress the firearm and ammunition, which were found in a vehicle during a search incident to a lawful arrest. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

The relevant facts are undisputed. On February 25, 2008 at 1:50 a.m., Corporal Darrell Miller of the Midwest City, Oklahoma Police Department noticed a Chevrolet Tahoe parked in the driveway of a vacant residence. Corporal Miller parked his vehicle and approached the residence. Although the Tahoe looked unoccupied, he glanced inside and noticed a female, Sandy Smith, reclined in the driver's seat and Mr. Davis reclined in the passenger's seat. Corporal Miller asked the two what they were doing at the residence. Both replied that they were just talking. During his questioning, Corporal Miller detected a strong smell of alcohol, and both conceded that they had been drinking.

After receiving identifying information from both, Corporal Miller did a routine check for outstanding warrants. Ms. Smith had an outstanding warrant for failure to appear. Based on this outstanding warrant, Corporal Miller arrested her and placed her in the back seat of his police car. By this time, Officer Shawn

Keenan had arrived. Mr. Davis was arrested for public intoxication and placed in Officer Keenan's vehicle.

After the arrests, and while Mr. Davis was on his way to the police station, Corporal Miller searched the Tahoe. He found a loaded handgun under the front passenger seat. A transmission over Officer Keenan's police radio referred to the gun. Upon hearing this, Mr. Davis spontaneously stated that the gun belonged to him. After he was booked and received *Miranda* warnings, Mr. Davis stated that he had bought the gun from a friend.

Mr. Davis filed a motion to suppress the firearm and ammunition and his statements. After holding an evidentiary hearing, the district court decided that Mr. Davis's arrest for public intoxication was illegal and that his statements must be suppressed as the tainted product of his illegal arrest. The court, however, denied the motion to suppress with respect to the firearm and ammunition, finding that the seizure was legal since Ms. Smith had been arrested on an outstanding warrant, she was still at the place of arrest at the time of the search, and the search occurred within minutes of her arrest. Mr. Davis entered a conditional guilty plea, preserving his right to appeal the district court's denial of his motion to suppress the firearm and ammunition.

Mr. Davis argues that the district court erred in not suppressing the firearm and ammunition. He bases his argument on the recent Supreme Court case of *Arizona v. Gant*, 129 S. Ct. 1710 (2009), which was decided after the district

court denied, in part, his motion to suppress. *Gant* held that a police officer "may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 1723; *see also id.* at 1714, 1719.

The government concedes that the district court's denial of the motion to suppress is now error under *Gant*. Nonetheless, the government asserts that the suppression of the evidence should be upheld based on the good-faith exception to the exclusionary rule. To support the argument, the government relies on our recent, factually similar case, *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), *petition for cert. filed*, 78 U.S.L.W. 3221 (U.S. Oct. 1, 2009) (No. 09-402).

In *McCane*, we held that the good-faith exception to the exclusionary rule applies when an officer acts in reasonable reliance upon our settled case law that is later made unconstitutional by the Supreme Court. *Id.* at 1044. As in *McCane*, "[t]he search in this case was wholly consistent with and supported by this court's precedent prior to *Gant*." *McCane*, 573 F.3d at 1041-42 (citing cases). Thus, we apply the good-faith exception to the exclusionary rule. *See id.* at 1045 (declining "to apply the exclusionary rule when law enforcement officers act in objectively reasonable reliance upon the settled case law of a United States Court of Appeals").

-4-

In his reply brief, Mr. Davis argues that we wrongly expanded the good-faith exception to the exclusionary rule in *McCane*. We, however, must follow our recent precedent. *See Mendiola v. Holder*, 585 F.3d 1303, 1304-05 (10th Cir. 2009).

For the above-stated reasons, we AFFIRM the district court's denial of Mr. Davis's motion to suppress.