FILED
United States Court of Appeals
Tenth Circuit

**March 22, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOEL SOTO,

    Defendant-Appellant.

No. 09-4194

(D. of Utah)

(D.C. Nos. 2:09-CV-00068-TC and
2:07-CR-00171-TC-1)

---

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Joel Soto, a federal prisoner represented by counsel, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we DENY Soto's request for a COA and DISMISS the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Soto was arrested for violating a protective order. During a search of his vehicle incident to his arrest, police officers found approximately 75 grams of methamphetamine. A jury subsequently convicted Soto of one count of possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Thereafter, the district court sentenced Soto to 151 months' imprisonment and 60 months of supervised release.

Following the entry of judgment, Soto pursued a direct appeal, challenging the admission of unqualified expert testimony. *See United States v. Soto*, 297 F. App'x 752 (10th Cir. 2008). We affirmed Soto's conviction, finding he failed to show that excluding the challenged evidence would have changed the outcome of his trial. *Id.* at 754.

Soto then filed a pro se § 2255 motion, contending he received ineffective assistance from his trial counsel. After the district court appointed Soto counsel, the § 2255 motion was amended to include the argument that Soto's trial counsel provided ineffective assistance by failing to move to suppress evidence of the methamphetamine found in Soto's vehicle. That contention was based on the Supreme Court's intervening decision in *Arizona v. Gant*, 129 S. Ct. 1710 (2009), which ruled that a police officer "may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle

-2-

contains evidence of the offense of arrest." *Id.* at 1723. The district court denied

the motion on the merits, holding, among other things, that a reading of pre-*Gant*

caselaw governing search incident to arrest at the time Soto was arrested did not

support a finding of ineffective assistance.

Soto filed a notice of appeal on October 16, 2009. The district court denied

his request for a COA.[1] Soto now requests a COA from this court to appeal the

district court's decision regarding his trial counsel's failure to file a motion to

suppress the evidence found in his vehicle.[2]

## II. Discussion

A § 2255 movant must obtain a COA before appealing the district court's

final order. *See* 28 U.S.C. § 2253(c)(1)(B). "[O]nly if the applicant has made a

substantial showing of the denial of a constitutional right" will the court issue a

COA. 28 U.S.C. § 2253(c)(2). When, as here, the district court denies the

---

[1] Soto filed a notice of appeal but did not submit a separate application for a COA to the district court. The district court did not issue Soto a COA within 30 days of filing the notice of appeal. Under the applicable version of the Tenth Circuit Rules, the absence of an issued COA within that period is deemed a denial by the district court of a request for a COA. *See* 10th Cir. R. 22.1(C) ("The district court must consider the propriety of issuing a [COA] in the first instance. Failure of the district court to issue a [COA] within thirty days of filing the notice of appeal shall be deemed a denial.").

[2] While Soto did not submit a separate application for a COA to this court, we deem his notice of appeal an application for a COA pursuant to Rule 22(b)(2) of the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

movant's claim on the merits, we will not issue a COA unless the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Soto contends that he was denied his Sixth Amendment right to effective assistance of counsel due to his trial counsel's failure to file a motion to suppress evidence obtained pursuant to an allegedly unconstitutional search of his vehicle. To prevail on his ineffective assistance of counsel claim, Soto must demonstrate that "[(1)] counsel's performance was objectively deficient and [(2)] counsel's deficiency prejudiced the defense, depriving [Soto] of a fair trial with a reliable result." *United States v. Sanders*, 372 F.3d 1183, 1185 (10th Cir. 2004). Soto "must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and we are reminded that there are countless ways to provide effective assistance of counsel." *Id.* (internal quotation marks omitted). Prejudice is demonstrated by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

After reviewing the record, we are convinced that Soto has failed to establish a debatable claim of ineffective assistance of counsel. The search at issue here was "wholly consistent with and supported by this court's precedent

prior to *Gant*."[3]  *United States v. McCane*, 573 F.3d 1037, 1041–42 (10th Cir.

2009), *cert. denied*, No. 09-402, 2010 U.S. LEXIS 2009 (U.S. Mar. 1, 2010).  We

cannot consider Soto's trial counsel's decision not to move to suppress the

methamphetamine objectively deficient when the search that led to its discovery

was conducted in conformity with was at the time our settled caselaw.  Employing

similar reasoning, in *United States v. Davis*, 590 F.3d 847 (10th Cir. 2009), we

held that the good-faith exception to the exclusionary rule applied where a vehicle

was searched in violation of *Gant*: the good-faith exception "applies when an

officer acts in reasonable reliance upon our settled [caselaw] that is later made

unconstitutional by the Supreme Court."  *Davis*, 590 F.3d at 848.

Accordingly, we find it beyond debate that Soto cannot overcome the

presumption that his trial counsel rendered reasonable professional assistance.

---

[3] We are not persuaded that the circumstances relating to Soto's arrest and the search of his vehicle—namely, that a police officer prevented him from closing a locked car door after exiting his vehicle—remove this case from the bounds of our pre-*Gant* caselaw concerning vehicle searches incident to arrest or our recent cases applying *Gant* in the evidence suppression context.

## III. Conclusion

For the foregoing reasons, we DENY Soto's application for a COA and DISMISS this appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge
